# EXHIBIT A

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) SS | FIRM I.D.: 24797 |
| COUNTY OF COOK | ) | |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JUDITH BOYD, as Special Administrator of the )
Estate of LARRY BOYD, deceased, )
)
    Plaintiff, )
)
    v. )    No.: 10 L 008059
)
)
VIRGIL CALVERT NURSING & REHABILITATION )
CENTER, INC., VIRGIL CALVERT PROPERTY, L.L.C., )
CAHOKIA NURSING & REHABILITATION CENTER, )
INC., SW MANAGEMENT COMPANY, CAHOKIA )
BUILDING, L.L.C., SHELDON WOLFE, RONNIE KLEIN, )
MOSHE HERMAN, KATHLEEN CRAWFORD, SYED )
HUSSAIN, M.D., WANDA CONYERS, R.N., VICKI )
COOPER, R.N., CHRISTINE HOOKS, R.N., LAURA )
SEGELHORST, R.N., DIANE FOSSETT, R.N., )
ROSEMARY GREEN, R.N., MARCY CRANDALL, L.P.N., )
CHINELLE FERREL, L.P.N., MARY GRANGER, L.P.N., )
RODERICKA HICKMAN, L.P.N., KEYWANA )
JOHNSON-LEE, L.P.N., ANGELA SHARP, L.P.N., )
PATRICIA WESLEY, L.P.N., TERESEA ROBERG, )
O. BASGA BERNARD, M.D., LINDA STUCKEY, R.N., )
CHERYL SCHAEFER, R.N., CRYSTAL ATWOOD, L.P.N., )
PENNY BRIONES, L.P.N., GLENDA GILBERT, L.P.N., )
EILEEN HISEL, and SHAILAJA PULISETTY, M.D. )
)
    Defendants, )

## 1st AMENDED COMPLAINT AT LAW

### COUNT I – VIRGIL CALVERT NURSING & REHABILITATION CENTER, INC.

(Nursing Home Care Act)

    NOW COMES the Plaintiff, JUDITH BOYD, as Special Administrator of the Estate of

LARRY BOYD, deceased, by and through her attorneys, KRALOVEC, JAMBOIS, &

SCHWARTZ, and complaining of the Defendant, VIRGIL CALVERT NURSING &

REHABILITATION CENTER, INC., (hereinafter "CALVERT"), and states as follows:

1. That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, CALVERT, by and through its agents, servants, and/or employees, whether actual or apparent, was an Illinois corporation which owned, operated, managed, maintained, and/or controlled healthcare facilities, institutions, and/or offices located in and throughout the County of Cook and State of Illinois.

2. That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, CALVERT, owned, operated, managed, maintained and controlled a residential nursing care facility and by and through its agents, servants and/or employees, whether actual or apparent, offered medical and nursing care and other daily living assistance, to the public and to the Decedent, LARRY BOYD, and employed various physicians, nurses, and/or other healthcare professionals in the provision of such services.

3. That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Decedent, LARRY BOYD, was a resident of the facility owned, operated, managed, maintained and controlled by the Defendant, CALVERT, by and through its agents, servants, and/or employees, whether actual or apparent, which had accepted the Decedent, LARRY BOYD, as a resident and undertook to provide care and treatment to him during her residency.

4. That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, there was, in full force and effect, a statute known as the Nursing Home Care Act, as amended (the "ACT"), 210 ILCS 45/1-101 et seq.

5. That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, CALVERT, was a "facility" as defined by 45/1-113 of the Act and was subject to the requirements of the Act and the regulations of the Illinois Department of Public Health promulgated pursuant to the Act.

6. That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, CALVERT, was subject to the requirements of 42 U.S.C.A. § 1396r (1990) et seq. as amended by the Omnibus Budget Reconciliation Act of 1987 ("OBRA").

7.      That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, CALVERT, was subject to the requirements of Volume 42, Code of Federal Regulations, Part 483 setting forth Medicare and Medicaid Requirements for Long Term Facilities ("OBRA REGULATION"), as effective on October 1, 1990.

8.      That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, CALVERT, was a "nursing facility" as defined by 42 U.S.C.A. § 1396r.

9.      That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, CALVERT, by and through its owners, agents, servants, and/or employees, whether actual or apparent, was under a statutory obligation not to violate the rights of any resident of the facility including the obligations not to abuse or neglect any resident as provided by the Act as follows:

An owner, licensee, administrator, employee or agent of a facility shall not abuse or neglect a resident. It is the duty of any facility employee or agent who becomes aware of such abuse or neglect to report it as provided in "The Abused and Neglected Long Term Care Facility Residents Reporting Act". (210 ILCS 45/2-107)
**************************************************
"Owner" means the individual, partnership, corporation, association or other person who owns a facility. In the event a facility is operated by a person who leases the physical plant, which is owned by another person, "owner" means the person who operates the facility, except that if the person who owns the physical plant is an affiliate of the person who operates the facility and has significant control over the day-to-day operations of the facility, the person who owns the physical plant shall incur jointly and severally with the owner all liabilities imposed on an owner under this Act. (210 ILCS 45/1-119)
**************************************************
"Licensee" means the individual or entity licensed by the Department to operate the facility. (210 ILCS 45/1-115)
**************************************************
"Administrator" means a person who is charged with the general administration and supervision of a facility and licensed, if required, under the Nursing Home Administrators Licensing and Disciplinary Act, as now or hereafter amended. (210 ILCS 45/1-105)
**************************************************
"Abuse" means any physical or mental injury or sexual assault inflicted on a resident other than that by accidental means in a facility. (210 ILCS 45/1-103)
**************************************************
"Neglect" means a failure in a facility to provide adequate medical or personal care or maintenance, which failure results in physical or mental injury to a resident or in the deterioration of a resident's physical or mental condition. (210 ILCS 45/1-117)

3

10.     That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, during the course of the residency of the Decedent, **LARRY BOYD**, at **CALVERT**, the Defendants facility, by and through its agents, servants, and/or employees, whether actual or apparent, violated the provisions of the Act as follows:

a,      Failure to ensure that the nursing facility was adequately staffed with qualified and licensed medical professionals to provide adequate care for the resident in violation of OBRA REGULATION 42 CFR 483.30;

b,      Failure to appropriately finance the hiring of appropriately trained staff in violation of (210 ILCS 45/3-202) (from Ch. 111 1/2, par. 4153-202);

c,      Failure to ensure the health and safety of all residents at the nursing facility in violation of (210 ILCS 45/2-101) (from Ch. 111 1/2, par. 4152-101);

d,      Failure to report the abuse or neglect to the appropriate authorities pursuant to the "The Abused and Neglected Long Term Care Facility Residents Reporting Act" (210 ILCS 45/2-107) (from Ch. 111 1/2, par. 4152-107);

e,      Failure to utilize appropriate devices to prevent the development and progression of pressure ulcers and/or skin breakdown in violation of 77 Ill.Admin.Code, Ch.I, §300.1210(a), 77 Ill.Admin.Code, Ch.I, §300.1210(b), and 42 CFR sec. 483.10;

f,      Failure to prevent the development of the patient's pressure ulcers and/or skin breakdown in violation of 77 Ill.Admin.Code, Ch.I, §300.1210(a), 77 Ill.Admin.Code, Ch.I, §300.1210(b), and 42 CFR sec. 483.10;

g,      Failure to mitigate the progression of the patient's pressure ulcers and/or skin breakdown in violation of 77 Ill.Admin.Code, Ch.I, §300.1210(a), 77 Ill.Admin.Code, Ch.I, §300.1210(b), and 42 CFR sec. 483.10;

h,      Failure to perform daily skin assessments in violation of 77 Ill.Admin.Code, Ch.I, §300.1210(a), 77 Ill.Admin.Code, Ch.I, §300.1210(b), and 42 CFR sec. 483.10

i,      Failure to adequately and properly treat wounds in violation of 77 Ill.Admin.Code, Ch.I, §300.1210(a), 77 Ill.Admin.Code, Ch.I, §300.1210(b), and 42 CFR sec. 483.10;

j,      Failure to develop a comprehensive care plan for each resident in violation of 77 Ill.Admin.Code, Ch.I, §300.1210(a), 77 Ill.Admin.Code, Ch.I, §300.1210(b), and 42 CFR sec. 483.20;

k,      Failure to prevent reduction in resident's range of motion and ensure resident received treatment to increase range of motion in violation of 77

4

Ill.Admin.Code, Ch.I, §300.1210(a), 77 Ill.Admin.Code, Ch.I, §300.1210(b), and 42 CFR sec. 483.25;

l.    Failure to ensure freedom from medication errors in violation of 77 Ill.Admin.Code, Ch.I, §300.1210(a), 77 Ill.Admin.Code, Ch.I, §300.1210(b), and 42 CFR sec. 483.25; and

m.    Failure to maintain complete and accurate medical records in violation of 42 CFR 483.75.

11.    That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, CALVERT, by and through its agents, servants, and/or employees, whether actual or apparent, the Decedent, LARRY BOYD, sustained serious and permanent injuries; expended great sums of money in an attempt to be cured; suffered from disability and disfigurement; and experienced great pain, physical and mental suffering, of which such injuries were permanent in nature.

12.    That the Nursing Home Care Act, as amended, provides as follows:

The licensee shall pay the actual damages and costs and attorney's fees to a facility resident whose rights, as specified in Part 1 of Article II of this Act, are violated (210 ILCS 45/3-602).

13.    That the Nursing Home Care Act, as amended, provides as follows:

The owner and licensee are liable to a resident for any intentional or negligent act or omission of their agency or employees, which injures the resident (210 ILCS 45/3-601).

WHEREFORE, the Plaintiff, JUDITH BOYD, as Special Administrator of the Estate of LARRY BOYD, prays for judgment against the Defendant, CALVERT, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as herein above alleged.

## COUNT II – VIRGIL CALVERT NURSING & REHABILITATION CENTER, INC.

(Wrongful Death)

NOW COMES the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS, & SCHWARTZ**, and complaining of the Defendant, **CALVERT**, and states as follows:

1.     That on and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, **CALVERT**, was an Illinois corporation, which by and through its agents, servants, and/or employees, whether actual or apparent, owned, operated, managed, maintained, and/or controlled healthcare facilities, institutions, and/or offices located in the County of Cook and the State of Illinois.

2.     That on and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, **CALVERT**, by and through its agents, servants, and/or employees, whether actual or apparent, offered healthcare services to the public and to the Decedent, **LARRY BOYD**, and employed various physicians, nurses, and/or other healthcare professionals in the provision of such services.

3.     That on and subsequent to August 1, 2008, and at all times relevant hereto, the Decedent, **LARRY BOYD**, was a patient of the healthcare facility owned, operated, managed, maintained, and/or controlled by the Defendant, **CALVERT**, which by and through its agents, servants, and/or employees, had accepted the Decedent, **LARRY BOYD**, as a resident and undertook to provide him care.

4.     That on and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant(s), **SHELDON WOLFE, RONNIE KLEIN, MOSHE HERMAN, SYED HUSSAIN, M.D.,** and **KATHLEEN CRAWFORD**, as well as any and all nurses providing care and treatment to the Decedent, **LARRY BOYD**, including, but not limited to **WANDA CONYERS, R.N., CHRISTINE HOOKS, R.N., CHINELLE FERREL, L.P.N., VICKI COOPER, R.N., MARY ANN CRANDALL, L.P.N., PATRICIA WESLEY, L.P.N., MARY GRANGER, L.P.N., RODERICKA HICKMAN, L.P.N., LAURA SEGELHORST, R.N., DIANE FOSSETT, R.N., ROSEMARY GREEN, R.N., ANGELA SHARP, L.P.N.,** and

KEYWANA JOHNSON-LEE, L.P.N., were agents and/or employees, whether actual or apparent, of the Defendant, CALVERT, and at all times relevant hereto, acted within the scope of that agency and/or employment.

5.    That on and subsequent to August 1, 2008, and at all times relevant hereto, there existed a duty on the part of the Defendant, CALVERT, by and through its agents, servants, and/or employees, whether actual or apparent, to possess and apply the skill and knowledge of a reasonably well-qualified nursing home healthcare staff and to treat the Decedent, LARRY BOYD, in a manner which equaled or exceeded the applicable standard of care.

6.    That on and prior to August 1, 2008, the Decedent, LARRY BOYD, was a resident of the Defendant facility, CALVERT, where he developed skin breakdown, which ultimately progressed into necrotic tissue; several decubitus ulcers, leading to osteomyelitis; and fever and respiratory distress that worsened, requiring bronchoscopy and chest tubes, causing the Decedent's condition to rapidly deteriorate until his untimely death on April 20, 2009.

7.    That disregarding its duties, the Defendant, CALVERT, by and through its agents, servants, and/or employees, whether actual or apparent, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a.    Failure to ensure that the nursing facility was adequately staffed with qualified and licensed medical professionals to provide adequate care for the resident;

    b.    Failure to appropriately finance the hiring of appropriately trained staff;

    c.    Failure to ensure the health and safety of all residents at the nursing facility;

    d.    Failure to report the abuse or neglect to the appropriate authorities pursuant to the "The Abused and Neglected Long Term Care Facility Residents Reporting Act";

    e.    Failure to utilize appropriate devices to prevent the development and progression of pressure ulcers and/or skin;

    f.    Failure to prevent the development of the patient's pressure ulcers and/or skin breakdown;

7

g.   Failure to mitigate the progression of the patient's pressure ulcers and/or skin breakdown;

h.   Failure to perform daily skin assessments;

i.   Failure to adequately and properly treat wounds;

j.   Failure to develop a comprehensive care plan for each resident;

k.   Failure to prevent reduction in resident's range of motion and ensure resident received treatment to increase range of motion;

l.   Failure to ensure freedom from medication errors; and

m.   Failure to maintain complete and accurate medical records.

8.   That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **CALVERT**, by and through its agents, servants, and/or employees, whether actual or apparent, the Decedent, **LARRY BOYD** sustained serious and permanent injuries; expended great sums of money in an attempt to be cured; suffered from disability and disfigurement; and experienced great pain and physical suffering, prior to his death on or about April 20, 2009.

9.   That the Circuit Court of Cook County, Law Division, Illinois, has entered an Order appointing **JUDITH BOYD** as Special Administrator of the Estate of **LARRY BOYD**, deceased, evidencing his right and standing to sue.

10.   That the Decedent, **LARRY BOYD**, has left surviving her next-of-kin, to wit, **JUDITH BOYD**, his wife, TIANNA BOYD, his daughter, LARRY BOYD, JR., his son, TIANNA BOYD, his daughter, TANIA PAULETTE, his daughter, and WILLIAM MICHAEL PAULETTE, his son, who have suffered severe and permanent damages, including, but not limited to, loss of service, companionship, and society as a result of the premature death of **LARRY BOYD**.

11.   That the Plaintiff brings this action in Count II under 740 ILCS 180/01 *et. seq.* commonly known as the Wrongful Death Act of Illinois.

WHEREFORE, the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, prays for judgment against the Defendant, **CALVERT**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as hereinabove alleged.

### COUNT III – VIRGIL CALVERT NURSING & REHABILITATION CENTER, INC.

(Survival)

NOW COMES the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS, & SCHWARTZ**, and complaining of the Defendant, **CALVERT**, and states as follows:

1-9.     That the Plaintiff hereby re-alleges and incorporates paragraphs 1 through 9 of Count II as and for paragraphs 1 through 9 of this Count III as though fully set forth herein.

10.     That as a direct and proximate result of one or more of the foregoing and careless and negligent acts and/or omissions on the part of the Defendant, **CALVERT**, by and through its agents, servants, and/or employees, whether actual or apparent, the Decedent, **LARRY BOYD**, was injured and suffered damages of a personal and pecuniary nature, including pain and suffering, prior to his death, damages for which had he survived he would have been entitled to maintain an action; and such an action has survived him and accrued to the benefit of his heirs at law, to wit, **JUDITH BOYD**, his wife, TIANNA BOYD, his daughter, LARRY BOYD, JR., his son, TIANNA BOYD, his daughter, TANIA PAULETTE, his daughter, and WILLIAM MICHAEL PAULETTE, his son.

11.     That the Plaintiff brings this action in Count III under 755 ILCS 5/27-6 commonly known as the Survival Act of Illinois.

WHEREFORE, the Plaintiff, **JUDITH BOYD**, as special administrator of the estate of **LARRY BOYD**, deceased, prays for judgment against the Defendant, **CALVERT**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as hereinabove alleged.

9

## COUNT IV – VIRGIL CALVERT PROPERTY, L.L.C.

(Wrongful Death)

NOW COMES the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS, & SCHWARTZ**, and complaining of the Defendant, **VIRGIL CALVERT PROPERTY, L.L.C.** (hereinafter **"CALVERT PROPERTY"**), and states as follows:

1.     That on and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, **CALVERT PROPERTY**, was a property and/or management company which by and through its agents, servants, and/or employees, whether actual or apparent, owned, operated, managed, maintained, and/or controlled healthcare facilities, institutions, and/or offices, located in and throughout the State of Illinois.

2.     That on and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, **CALVERT PROPERTY**, in its own administrative and managerial duties and by and through its agents, servants, and/or employees, whether actual or apparent, offered healthcare services to the public and to the Decedent, **LARRY BOYD**, and employed various physicians, nurses, and/or other healthcare professionals in the provision of such services.

3.     That on and subsequent to August 1, 2008, and at all times relevant hereto, the Decedent, **LARRY BOYD**, was a patient of the healthcare facility owned, operated, managed, maintained, and/or controlled by the Defendant, **CALVERT PROPERTY**, by and through its agents, servants, and/or employees, had accepted the Decedent, **LARRY BOYD**, as a resident and undertook to provide him care.

4.     That on and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant(s), **SHELDON WOLFE, RONNIE KLEIN, MOSHE HERMAN, SYED HUSSAIN, M.D.,** and **KATHLEEN CRAWFORD**, as well as any and all nurses providing care and treatment to the Decedent, **LARRY BOYD**, including, but not limited to **WANDA CONYERS, R.N., CHRISTINE HOOKS, R.N., CHINELLE FERREL, L.P.N., VICKI**

COOPER, R.N., MARY ANN CRANDALL, L.P.N., PATRICIA WESLEY, L.P.N., MARY GRANGER, L.P.N., RODERICKA HICKMAN, L.P.N., LAURA SEGELHORST, R.N., DIANE FOSSETT, R.N., ROSEMARY GREEN, R.N., ANGELA SHARP, L.P.N., and KEYWANA JOHNSON-LEE, L.P.N., were agents and/or employees, whether actual or apparent, of the Defendant, CALVERT PROPERTY, and at all times relevant hereto, acted within the scope of that agency and/or employment.

5.     That on and subsequent to August 1, 2008, and at all times relevant hereto, there existed a duty on the part of the Defendant, CALVERT PROPERTY, by and through its agents, servants, and/or employees, whether actual or apparent, to possess and apply the skill and knowledge of a reasonably well-qualified nursing home healthcare staff and to treat the Decedent, LARRY BOYD, in a manner which equaled or exceeded the applicable standard of care.

6.     That on and prior to August 1, 2008, the Decedent, LARRY BOYD, was a resident of the Defendant facility, CALVERT, where he developed skin breakdown, which ultimately progressed into necrotic tissue; several decubitus ulcers, leading to osteomyelitis; fever and respiratory distress that worsened, requiring bronchoscopy and chest tubes; causing the Decedent's condition to rapidly deteriorate until his untimely death on April 20, 2009.

7.     That disregarding its duties, the Defendant, CALVERT PROPERTY, by and through its agents, servants, and/or employees, whether actual or apparent, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

a.     Failure to ensure that the nursing facility was adequately staffed with qualified and licensed medical professionals to provide adequate care for the resident;

b.     Failure to ensure the health and safety of all residents at the nursing facility; and

c.     Failure to ensure that the facility has sufficient nursing staff to provide nursing and related services to maintain the highest practicable physical, mental, and psychosocial well-being of each resident.

8.     That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **CALVERT PROPERTY**, in its own administrative and managerial duties and by and through its agents, servants, and/or employees, whether actual or apparent, the Decedent, **LARRY BOYD**, sustained serious and permanent injuries; expended great sums of money in an attempt to be cured; suffered from disability and disfigurement; and experienced great pain and physical suffering, prior to his death on or about April 20, 2009.

9.     That the Circuit Court of Cook County, Illinois, County Department, Law Division, has entered an Order appointing **JUDITH BOYD** as Special Administrator of the Estate of **LARRY BOYD**, deceased, evidencing her right and standing to sue.

10.    That the Decedent, **LARRY BOYD**, has left surviving his next-of-kin, to wit, **JUDITH BOYD**, his wife, TIANNA BOYD, his daughter, LARRY BOYD, JR., his son, TIANNA BOYD, his daughter, TANIA PAULETTE, his daughter and WILLIAM MICHAEL PAULETTE, his son, who have suffered severe and permanent damages, including, but not limited to, loss of service, companionship, and society as a result of the premature death of **LARRY BOYD**.

11.    That the Plaintiff brings this action in Count IV under 740 ILCS 180/01 et. seq. commonly known as the Wrongful Death Act of Illinois.

**WHEREFORE**, the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, prays for judgment against the Defendant, **CALVERT PROPERTY**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as hereinabove alleged.

## COUNT V – VIRGIL CALVERT PROPERTY, L.L.C.

(Survival)

NOW COMES the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **CALVERT PROPERTY**, states as follows:

1-9.    That the Plaintiff hereby re-alleges and incorporates paragraphs 1 through 9 of Count IV as and for paragraphs 1 through 9 of this Count V as though fully set forth herein.

10.    That as a direct and proximate result of one or more of the foregoing and careless and negligent acts and/or omissions on the part of the Defendant, **CALVERT PROPERTY**, by and through its agents, servants, and/or employees, whether actual or apparent, the Decedent, **LARRY BOYD**, was injured and suffered damages of a personal and pecuniary nature, including pain and suffering, prior to his death, damages for which had he survived he would have been entitled to maintain an action; and such an action has survived him and accrued to the benefit of his heirs at law, to wit, **JUDITH BOYD**, his wife, TIANNA BOYD, his daughter, LARRY BOYD, JR., his son, TIANNA BOYD, his daughter, TANIA PAULETTE, his daughter, and WILLIAM MICHAEL PAULETTE, his son.

11.    That the Plaintiff brings this action in Count V under 755 ILCS 5/27-6 commonly known as the Survival Act of Illinois.

WHEREFORE, the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, prays for judgment against the Defendant, **CALVERT PROPERTY**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as hereinabove alleged.

### COUNT VI – CAHOKIA NURSING AND REHABILITATION CENTER, INC.

(Nursing Home Care Act)

NOW COMES the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS, & SCHWARTZ**, and complaining of the Defendant, **CAHOKIA NURSING & REHABILITATION CENTER, INC.**, (hereinafter "CAHOKIA"), and states as follows:

13

1.      That on, prior, and subsequent to November 14, 2008, and at all times relevant hereto, the Defendant, **CAHOKIA**, by and through its agents, servants, and/or employees, whether actual or apparent, was an Illinois corporation which owned, operated, managed, maintained, and/or controlled healthcare facilities, institutions, and/or offices located in and throughout the State of Illinois.

2.      That on, prior, and subsequent to November 14, 2008, and at all times relevant hereto, the Defendant, **CAHOKIA**, owned, operated, managed, maintained and controlled a residential nursing care facility and by and through its agents, servants and/or employees, whether actual or apparent, offered medical and nursing care and other daily living assistance, to the public and to the Decedent, **LARRY BOYD**, and employed various physicians, nurses, and/or other healthcare professionals in the provision of such services.

3.      That on, prior, and subsequent to November 14, 2008, and at all times relevant hereto, the Decedent, **LARRY BOYD**, was a resident of the facility owned, operated, managed, maintained and controlled by the Defendant, **CAHOKIA**, by and through its agents, servants, and/or employees, whether actual or apparent, which had accepted the Decedent, **LARRY BOYD**, as a resident and undertook to provide care and treatment to him during his residency.

4.      That on, prior, and subsequent to November 14, 2008, and at all times relevant hereto, there was, in full force and effect, a statute known as the Nursing Home Care Act, as amended (the "ACT"), 210 ILCS 45/1-101 et seq.

5.      That on, prior, and subsequent to November 14, 2008, and at all times relevant hereto, the Defendant, **CAHOKIA**, was a "facility" as defined by 45/1-113 of the Act and was subject to the requirements of the Act and the regulations of the Illinois Department of Public Health promulgated pursuant to the Act.

6.      That on, prior, and subsequent to November 14, 2008, and at all times relevant hereto, the Defendant, **CAHOKIA**, was subject to the requirements of 42 U.S.C.A. § 1396r (1990) et seq. as amended by the Omnibus Budget Reconciliation Act of 1987 ("OBRA").

14

7.     That on, prior, and subsequent to November 14, 2008, and at all times relevant hereto, the Defendant, **CAHOKIA**, was subject to the requirements of Volume 42, Code of Federal Regulations, Part 483 setting forth Medicare and Medicaid Requirements for Long Term Facilities ("OBRA REGULATION"), as effective on October 1, 1990.

8.     That on, prior, and subsequent to November 14, 2008, and at all times relevant hereto, the Defendant, **CAHOKIA**, was a "nursing facility" as defined by 42 U.S.C.A. § 1396r.

9.     That on, prior, and subsequent to November 14, 2008, and at all times relevant hereto, the Defendant, **CAHOKIA**, by and through its owners, agents, servants, and/or employees, whether actual or apparent, was under a statutory obligation not to violate the rights of any resident of the facility including the obligations not to abuse or neglect any resident as provided by the Act as follows:

An owner, licensee, administrator, employee or agent of a facility shall not abuse or neglect a resident. It is the duty of any facility employee or agent who becomes aware of such abuse or neglect to report it as provided in "The Abused and Neglected Long Term Care Facility Residents Reporting Act". (210 ILCS 45/2-107)
*************************************************

"Owner" means the individual, partnership, corporation, association or other person who owns a facility. In the event a facility is operated by a person who leases the physical plant, which is owned by another person, "owner" means the person who operates the facility, except that if the person who owns the physical plant is an affiliate of the person who operates the facility and has significant control over the day-to-day operations of the facility, the person who owns the physical plant shall incur jointly and severally all liabilities imposed on an owner under this Act. (210 ILCS 45/1-119)
*************************************************

"Licensee" means the individual or entity licensed by the Department to operate the facility. (210 ILCS 45/1-115)
*************************************************

"Administrator" means a person who is charged with the general administration and supervision of a facility and licensed, if required, under the Nursing Home Administrators Licensing and Disciplinary Act, as now or hereafter amended. (210 ILCS 45/1-105)
*************************************************

"Abuse" means any physical or mental or sexual assault inflicted on a resident other than that by accidental means in a facility. (210 ILCS 45/1-103)
*************************************************

"Neglect" means a failure in a facility to provide adequate medical or personal care or maintenance, which failure results in physical or mental injury to a resident or in the deterioration of a resident's physical or mental condition. (210 ILCS 45/1-117)

15

10.     That on, prior, and subsequent to November 14, 2008, and at all times relevant

hereto, during the course of the residency of the Decedent, **LARRY BOYD**, at **CAHOKIA**, the

Defendants facility, by and through its agents, servants, and/or employees, whether actual or

apparent, violated the provisions of the Act as follows:

a.      Failure to ensure that the nursing facility was adequately staffed with qualified and licensed medical professionals to provide adequate care for the resident in violation of OBRA REGULATION 42 CFR 483.30;

b.      Failure to appropriately finance the hiring of appropriately trained staff in violation of (210 ILCS 45/3-202) (from Ch. 111 1/2, par. 4153-202);

c.      Failure to ensure the health and safety of all residents at the nursing facility in violation of (210 ILCS 45/2-101) (from Ch. 111 1/2, par. 4152-101);

d.      Failure to report the abuse or neglect to the appropriate authorities pursuant to the "The Abused and Neglected Long Term Care Facility Residents Reporting Act" (210 ILCS 45/2-107) (from Ch. 111 1/2, par. 4152-107);

e.      Failure to utilize appropriate devices to prevent the development and progression of pressure ulcers and/or skin breakdown in violation of 77 Ill.Admin.Code, Ch.I, §300.1210(a), 77 Ill.Admin.Code, Ch.I, §300.1210(b), and 42 CFR sec. 483.10;

f.      Failure to prevent the development of the patient's pressure ulcers and/or skin breakdown in violation of 77 Ill.Admin.Code, Ch.I, §300.1210(a), 77 Ill.Admin.Code, Ch.I, §300.1210(b), and 42 CFR sec. 483.10;

g.      Failure to mitigate the progression of the patient's pressure ulcers and/or skin breakdown in violation of 77 Ill.Admin.Code, Ch.I, §300.1210(a), 77 Ill.Admin.Code, Ch.I, §300.1210(b), and 42 CFR sec. 483.10;

h.      Failure to perform daily skin assessments in violation of 77 Ill.Admin.Code, Ch.I, §300.1210(a), 77 Ill.Admin.Code, Ch.I, §300.1210(b), and 42 CFR sec. 483.10

i.      Failure to adequately and properly treat wounds in violation of 77 Ill.Admin.Code, Ch.I, §300.1210(a), 77 Ill.Admin.Code, Ch.I, §300.1210(b), and 42 CFR sec. 483.10;

j.      Failure to develop a comprehensive care plan for each resident in violation of 77 Ill.Admin.Code, Ch.I, §300.1210(a), 77 Ill.Admin.Code, Ch.I, §300.1210(b), and 42 CFR sec. 483.20;

k.      Failure to prevent reduction in resident's range of motion and ensure resident received treatment to increase range of motion in violation of 77

16

Ill.Admin.Code,   Ch.I,   §300.1210(a),   77   Ill.Admin.Code,   Ch.I, §300.1210(b), and 42 CFR sec. 483.25;

l.   Failure to ensure freedom from medication errors in violation of 77 Ill.Admin.Code,   Ch.I,   §300.1210(a),   77   Ill.Admin.Code,   Ch.I, §300.1210(b), and 42 CFR sec. 483.25; and

m.   Failure to maintain complete and accurate medical records in violation of 42 CFR 483.75.

11.   That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **CAHOKIA**, by and through its agents, servants, and/or employees, whether actual or apparent, the Decedent, **LARRY BOYD**, sustained serious and permanent injuries; expended great sums of money in an attempt to be cured; suffered from disability and disfigurement; and experienced great pain, physical and mental suffering, of which such injuries were permanent in nature.

12.   That the Nursing Home Care Act, as amended, provides as follows:

**The licensee shall pay the actual damages and costs and attorney's fees to a facility resident whose rights, as specified in Part 1 of Article II of this Act, are violated (210 ILCS 45/3-602).**

13.   That the Nursing Home Care Act, as amended, provides as follows:

**The owner and licensee are liable to a resident for any intentional or negligent act or omission of their agency or employees, which injures the resident (210 ILCS 45/3-601).**

**WHEREFORE**, the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, prays for judgment against the Defendant, **CAHOKIA**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as herein above alleged.

### COUNT VII – CAHOKIA NURSING AND REHABILITATION CENTER, INC.

(Wrongful Death)

NOW COMES the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **CAHOKIA**, states as follows:

1.      That on, prior, and subsequent to November 14, 2008, and at all times relevant hereto, the Defendant, **CAHOKIA**, was an Illinois corporation, which by and through its agents, servants, and/or employees, whether actual or apparent, owned, operated, managed, maintained, and/or controlled health and nursing care facilities, institutions, and/or offices located in the County of St. Clair and the State of Illinois.

2.      That on, prior, and subsequent to November 14, 2008, and at all times relevant hereto, the Defendant, **CAHOKIA**, by and through its agents, servants, and/or employees, whether actual or apparent, including but not limited to **SHELDON WOLFE, RONNIE KLEIN, MOSHE HERMAN,** and **TERESA RUBERG,** offered health and nursing care services to the public and to the Decedent, **LARRY BOYD**, and employed various physicians, nurses, and/or other healthcare professionals in the provision of such services.

3.      That on, prior, and subsequent to November 14, 2008, and at all times relevant hereto, the Decedent, **LARRY BOYD**, was a patient of the health care facility owned, operated, managed, maintained, and/or controlled by the Defendant, **CAHOKIA**, which by and through its agents, servants, and/or employees, had accepted the Decedent, **LARRY BOYD**, as a resident and undertook to treat the condition from which he suffered.

4.      That on, prior, and subsequent to November 14, 2008, and at all times relevant hereto, the Defendant(s), and any and all nurses providing care and treatment to the Decedent, **LARRY BOYD**, including but not limited to **CRYSTAL ATWOOD, L.P.N., PENNY BRIONES, L.P.N., GLENDA GILBERT, L.P.N.,** and **EILEEN HISEL,** were agents and/or employees, whether actual or apparent, of the Defendant, **CAHOKIA**, and at all times relevant hereto, acted within the scope of that agency and/or employment.

5.      That on, prior, and subsequent to November 14, 2008, and at all times relevant hereto, there existed a duty on the part of the Defendant, **CAHOKIA**, by and through its agents, servants, and/or employees, whether actual or apparent, to possess and apply the skill and

18

knowledge of a reasonably well-qualified health and nursing care staff and to treat the Decedent, **LARRY BOYD**, in a manner which equaled or exceeded the applicable standard of care.

6. That on and prior to August 1, 2008, the Decedent, **LARRY BOYD**, was a resident of the Defendant facility, **CAHOKIA**, where he developed significant decubitus ulcers, many of which progressed in severity to Stage IV ulcers, including the development of right hip osteomyelitis and sepsis; worsening contractures; a multi-drug resistant bacterial infection of his central line; and significant weight loss, causing the Decedent's condition to rapidly deteriorate until his untimely death on April 20, 2009.

7. That disregarding its duties, the Defendant, **CAHOKIA**, by and through its agents, servants, and/or employees, whether actual or apparent, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a.    Failure to ensure that the facility was adequately staffed with qualified and licensed medical professionals to provide adequate care for the resident;

    b.    Failure to ensure that all documentation of care and treatment (a) accurately reflects the nursing process and (b) reveals that residents receive care that reflects the minimum acceptable standards of practice;

    c.    Failure to timely utilize appropriate devices to prevent the development and progression of pressure ulcers and/or skin breakdown;

    d.    Failure to prevent the development of the resident's pressure ulcers and/or skin breakdown;

    e.    Failure to mitigate the progression of the resident's pressure ulcers and/or skin breakdown;

    f.    Failure to perform daily skin treatments and/or assessments;

    g.    Failure to prevent infection of the resident's pressure ulcers and/or skin breakdown;

    h.    Failure to develop, document, and follow an appropriate turning and repositioning schedule;

    i.    Failure to develop and follow a comprehensive care plan;

    j.    Failure to provide adequate nutrition and hydration to allow for the proper healing of wounds; and

19

k.    Failure to adequately and properly treat wounds.

8.    That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **CAHOKIA**, by and through its agents, servants, and/or employees, whether actual or apparent, the Decedent, **LARRY BOYD**, sustained serious and permanent injuries which ultimately led to his untimely death on April 20, 2009.

9.    That the Circuit Court of Cook County, Illinois, County Department, Law Division, has entered an Order appointing **JUDITH BOYD** as Special Administrator of the Estate of **LARRY BOYD**, deceased, evidencing her right and standing to sue.

10.    That the Decedent **LARRY BOYD**, has left surviving his next-of-kin, to wit, **JUDITH BOYD**, his wife, TIANNA BOYD, his daughter, LARRY BOYD, JR., his son, TIANNA BOYD, his daughter, TANIA PAULETTE, his daughter, and WILLIAM MICHAEL PAULETTE, his son, who have suffered severe and permanent damages, including, but not limited to, loss of service, companionship, and society as a result of the premature death of **LARRY BOYD**.

11.    That the Plaintiff brings this action in Count VII under 740 ILCS 180/01 *et. seq.* commonly known as the Wrongful Death Act of Illinois.

**WHEREFORE**, the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, prays for judgment against the Defendant, **CAHOKIA**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as herein above alleged.

## COUNT VIII – CAHOKIA NURSING AND REHABILITATION CENTER, INC.

(Survival)

20

NOW COMES the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **CAHOKIA**, states as follows:

1-9.    That the Plaintiff hereby re-alleges and incorporates paragraphs 1 through 9 of Count VII as and for paragraphs 1 through 9 of this Count VIII as though fully set forth herein.

10.    That as a direct and proximate result of one or more of the foregoing and careless and negligent acts and/or omissions on the part of the Defendant, **CAHOKIA**, by and through its agents, servants, and/or employees, whether actual or apparent, the Decedent, **LARRY BOYD**, was injured and suffered damages of a personal and pecuniary nature, including pain and suffering, prior to his death, damages for which had he survived he would have been entitled to maintain an action; and such an action has survived him and accrued to the benefit of his heirs at law, to wit, **JUDITH BOYD**, his wife, **TIANNA BOYD**, his daughter, **LARRY BOYD, JR.**, his son, **TIANNA BOYD**, his daughter, **TANIA PAULETTE**, his daughter, and **WILLIAM MICHAEL PAULETTE**, his son.

11.    That the Plaintiff brings this action in Count VIII under 755 ILCS 5/27-6 commonly known as the Survival Act of Illinois.

**WHEREFORE**, the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, prays for judgment against the Defendant, **CAHOKIA**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as hereinabove alleged.

<u>**COUNT IX – SW MANAGEMENT COMPANY**</u>

(Wrongful Death)

NOW COMES the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **SW MANAGEMENT COMPANY**, (hereinafter "**SW MANAGEMENT**"), states as follows:

21

1.      That on, prior, and subsequent to November 14, 2008, and at all times relevant hereto, the Defendant, SW MANAGEMENT, was an Illinois corporation, which in its own administrative and managerial duties and by and through its agents, servants, and/or employees, whether actual or apparent, owned, operated, managed, maintained, and/or controlled health and nursing care facilities, institutions, and/or offices, including but not limited to CAHOKIA REHABILITATION AND NURSING CENTER, INC., located in the State of Illinois.

2.      That on, prior, and subsequent to November 14, 2008, and at all times relevant hereto, the Defendant, SW MANAGEMENT, which in its own administrative and managerial duties and by and through its agents, servants, and/or employees, whether actual or apparent, offered health and nursing care services to the public and to the Decedent, LARRY BOYD, and employed various physicians, nurses, and/or other healthcare professionals in the provision of such services.

3.      That on, prior, and subsequent to November 14, 2008, and at all times relevant hereto, the Decedent, LARRY BOYD, was a patient of the health care facility owned, operated, managed, maintained, and/or controlled by the Defendant, SW MANAGEMENT, which in its own administrative and managerial duties and by and through its agents, servants, and/or employees, had accepted the Decedent, LARRY BOYD, as a resident and undertook to treat the condition from which he suffered.

4.      That on, prior, and subsequent to November 14, 2008, and at all times relevant hereto, the Defendant(s), and any and all nurses providing care and treatment to the Decedent, LARRY BOYD, including but not limited to CRYSTAL ATWOOD, L.P.N., PENNY BRIONES, L.P.N., GLENDA GILBERT, L.P.N., and EILEEN HISEL, were agents and/or employees, whether actual or apparent, of the Defendant, SW MANAGEMENT, and at all times relevant hereto, acted within the scope of that agency and/or employment.

5.      That on, prior, and subsequent to November 14, 2008, and at all times relevant hereto, there existed a duty on the part of the Defendant, SW MANAGEMENT, which in its

22

own administrative and managerial duties and by and through its agents, servants, and/or employees, whether actual or apparent, to possess and apply the skill and knowledge of a reasonably well-qualified health and nursing care staff and to treat the Decedent, **LARRY BOYD**, in a manner which equaled or exceeded the applicable standard of care.

6.     That on and prior to August 1, 2008, the Decedent, **LARRY BOYD**, was a resident of the Defendant facility, **CAHOKIA**, where he developed significant decubitus ulcers, many of which progressed in severity to Stage IV ulcers, including the development of right hip osteomyelitis and sepsis; worsening contractures; a multi-drug resistant bacterial infection of his central line; and significant weight loss, causing the Decedent's condition to rapidly deteriorate until his untimely death on April 20, 2009.

7.     That disregarding its duties, the Defendant, **SW MANAGEMENT**, by and through its agents, servants, and/or employees, whether actual or apparent, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a.     Failure to ensure that the facility was adequately staffed with qualified and licensed medical professionals to provide adequate care for the resident;

   b.     Failure to ensure that all documentation of care and treatment (a) accurately reflects the nursing process and (b) reveals that residents receive care that reflects the minimum acceptable standards of practice;

   c.     Failure to timely utilize appropriate devices to prevent the development and progression of pressure ulcers and/or skin breakdown;

   d.     Failure to prevent the development of the resident's pressure ulcers and/or skin breakdown;

   e.     Failure to mitigate the progression of the resident's pressure ulcers and/or skin breakdown;

   f.     Failure to perform daily skin treatments and/or assessments;

   g.     Failure to prevent infection of the resident's pressure ulcers and/or skin breakdown;

   h.     Failure to develop, document, and follow an appropriate turning and repositioning schedule;

  i.  Failure to develop and follow a comprehensive care plan;

  j.  Failure to provide adequate nutrition and hydration to allow for the proper healing of wounds; and

  k.  Failure to adequately and properly treat wounds.

8.  That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **SW MANAGEMENT**, in its own administrative and managerial duties and by and through its agents, servants, and/or employees, whether actual or apparent, the Decedent, **LARRY BOYD**, sustained serious and permanent injuries which ultimately led to his untimely death on April 20, 2009.

9.  That the Circuit Court of Cook County, Illinois, County Department, Law Division, has entered an Order appointing **JUDITH BOYD** as Special Administrator of the Estate of **LARRY BOYD**, deceased, evidencing her right and standing to sue.

10.  That the Decedent **LARRY BOYD**, has left surviving his next-of-kin, to wit, **JUDITH BOYD**, his wife, **TIANNA BOYD**, his daughter, **LARRY BOYD, JR.**, his son, **TIANNA BOYD**, his daughter, **TANIA PAULETTE**, his daughter, and **WILLIAM MICHAEL PAULETTE**, his son, who have suffered severe and permanent damages, including, but not limited to, loss of service, companionship, and society as a result of the premature death of **LARRY BOYD**.

11.  That the Plaintiff brings this action in Count IX under 740 ILCS 180/01 *et. seq.* commonly known as the Wrongful Death Act of Illinois.

  **WHEREFORE**, the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, prays for judgment against the Defendant, **SW MANAGEMENT**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as herein above alleged.

<u>**COUNT X – SW MANAGEMENT COMPANY**</u>

(Survival)

24

NOW COMES the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **SW MANAGEMENT**, states as follows:

1-9.     That the Plaintiff hereby re-alleges and incorporates paragraphs 1 through 9 of Count IX as and for paragraphs 1 through 9 of this Count X as though fully set forth herein.

10.     That as a direct and proximate result of one or more of the foregoing and careless and negligent acts and/or omissions on the part of the Defendant, **SW MANAGEMENT**, by and through its agents, servants, and/or employees, whether actual or apparent, the Decedent, **LARRY BOYD**, was injured and suffered damages of a personal and pecuniary nature, including pain and suffering, prior to his death, damages for which had he survived he would have been entitled to maintain an action; and such an action has survived him and accrued to the benefit of his heirs at law, to wit, **JUDITH BOYD**, his wife, TIANNA BOYD, his daughter, LARRY BOYD, JR., his son, TIANNA BOYD, his daughter, TANIA PAULETTE, his daughter, and WILLIAM MICHAEL PAULETTE, his son.

11.     That the Plaintiff brings this action in Count X under 755 ILCS 5/27-6 commonly known as the Survival Act of Illinois.

WHEREFORE, the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, prays for judgment against the Defendant, **SW MANAGEMENT**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as hereinabove alleged.

## COUNT XI – CAHOKIA BUILDING, L.L.C.

### (Wrongful Death)

NOW COMES the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, CAHOKIA BUILDING, L.L.C., states as follows:

1.      That on, prior, and subsequent to November 14, 2008, and at all times relevant hereto, the Defendant, **CAHOKIA BUILDING, L.L.C.**, was a property and/or management company which by and through its agents, servants, and/or employees, whether actual or apparent, owned, operated, managed, maintained, and/or controlled healthcare facilities, institutions, and/or offices, located in and throughout the State of Illinois.

2.      That on, prior, and subsequent to November 14, 2008, and at all times relevant hereto, the Defendant, **CAHOKIA BUILDING, L.L.C.**, which in its own administrative and managerial duties and by and through its agents, servants, and/or employees, whether actual or apparent, offered health and nursing care services to the public and to the Decedent, **LARRY BOYD**, and employed various physicians, nurses, and/or other healthcare professionals in the provision of such services.

3.      That on, prior, and subsequent to November 14, 2008, and at all times relevant hereto, the Decedent, **LARRY BOYD**, was a patient of the health care facility owned, operated, managed, maintained, and/or controlled by the Defendant, **CAHOKIA BUILDING, L.L.C.**, by and through its agents, servants, and/or employees, had accepted the Decedent, **LARRY BOYD**, as a resident and undertook to treat the condition from which he suffered.

4.      That on, prior, and subsequent to November 14, 2008, and at all times relevant hereto, the Defendant(s), and any and all nurses providing care and treatment to the Decedent, **LARRY BOYD**, including but not limited to **CRYSTAL ATWOOD, L.P.N., PENNY BRIONES, L.P.N., GLENDA GILBERT, L.P.N.,** and **EILEEN HISEL**, were agents and/or employees, whether actual or apparent, of the Defendant, **CAHOKIA BUILDING, L.L.C.**, and at all times relevant hereto, acted within the scope of that agency and/or employment.

5.      That on, prior, and subsequent to November 14, 2008, and at all times relevant hereto, there existed a duty on the part of the Defendant, **CAHOKIA BUILDING, L.L.C.**, by and through its agents, servants, and/or employees, whether actual or apparent, to possess and apply the skill and knowledge of a reasonably well-qualified health and nursing care staff and to

treat the Decedent, **LARRY BOYD**, in a manner which equaled or exceeded the applicable standard of care.

6. That on and prior to August 1, 2008, the Decedent, **LARRY BOYD**, was a resident of the Defendant facility, **CAHOKIA**, where he developed significant decubitus ulcers, many of which progressed in severity to Stage IV ulcers, including the development of right hip osteomyelitis and sepsis; worsening contractures; a multi-drug resistant bacterial infection of his central line; and significant weight loss, causing the Decedent's condition to rapidly deteriorate until his untimely death on April 20, 2009.

7. That disregarding its duties, the Defendant, **CAHOKIA BUILDING, L.L.C.**, by and through its agents, servants, and/or employees, whether actual or apparent, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a. Failure to ensure that the nursing facility was adequately staffed with qualified and licensed medical professionals to provide adequate care for the resident;

    b. Failure to ensure the health and safety of all residents at the nursing facility; and

    c. Failure to ensure that the facility has sufficient nursing staff to provide nursing and related services to maintain the highest practicable physical, mental, and psychosocial well-being of each resident.

8. That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **CAHOKIA BUILDING, L.L.C.**, in its own administrative and managerial duties and by and through its agents, servants, and/or employees, whether actual or apparent, the Decedent, **LARRY BOYD**, sustained serious and permanent injuries; expended great sums of money in an attempt to be cured; suffered from disability and disfigurement; and experienced great pain and physical suffering, prior to his death on or about April 20, 2009.

9.     That the Circuit Court of Cook County, Illinois, County Department, Law Division, has entered an Order appointing **JUDITH BOYD** as Special Administrator of the Estate of **LARRY BOYD**, deceased, evidencing her right and standing to sue.

10.     That the Decedent **LARRY BOYD**, has left surviving his next-of-kin, to wit, **JUDITH BOYD**, his wife, TIANNA BOYD, his daughter, LARRY BOYD, JR., his son, TIANNA BOYD, his daughter, TANIA PAULETTE, his daughter, and WILLIAM MICHAEL PAULETTE, his son, who have suffered severe and permanent damages, including, but not limited to, loss of service, companionship, and society as a result of the premature death of **LARRY BOYD.**

11.     That the Plaintiff brings this action in Count XI under 740 ILCS 180/01 *et. seq.* commonly known as the Wrongful Death Act of Illinois.

**WHEREFORE**, the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, prays for judgment against the Defendant, **CAHOKIA BUILDING, L.L.C.**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as herein above alleged.

## COUNT XII – CAHOKIA BUILDING, L.L.C.

### (Survival)

NOW COMES the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **CAHOKIA BUILDING, L.L.C.**, states as follows:

1-9.     That the Plaintiff hereby re-alleges and incorporates paragraphs 1 through 9 of Count XI as and for paragraphs 1 through 9 of this Count XII as though fully set forth herein.

10.     That as a direct and proximate result of one or more of the foregoing and careless and negligent acts and/or omissions on the part of the Defendant, **CAHOKIA BUILDING, L.L.C.**, by and through its agents, servants, and/or employees, whether actual or apparent, the

28

Decedent, **LARRY BOYD**, was injured and suffered damages of a personal and pecuniary nature, including pain and suffering, prior to his death, damages for which had he survived he would have been entitled to maintain an action; and such an action has survived him and accrued to the benefit of his heirs at law, to wit, **JUDITH BOYD**, his wife, TIANNA BOYD, his daughter, LARRY BOYD, JR., his son, TIANNA BOYD, his daughter, TANIA PAULETTE, his daughter, and WILLIAM MICHAEL PAULETTE, his son.

11.    That the Plaintiff brings this action in Count XII under 755 ILCS 5/27-6 commonly known as the Survival Act of Illinois.

WHEREFORE, the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, prays for judgment against the Defendant, **CAHOKIA BUILDING, L.L.C.**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as hereinabove alleged.

<u>COUNT XIII – SHELDON WOLFE</u>

(Nursing Home Care Act)

NOW COMES the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS, & SCHWARTZ**, and complaining of the Defendant, **SHELDON WOLFE**, and states as follows:

1.    That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, **SHELDON WOLFE**, was an owner, manager, administrator, agent and/or employee, whether actual or apparent, of Defendant(s), **CALVERT, SW MANAGEMENT** and/or **CAHOKIA**, which are Illinois corporations which owned, operated, managed, maintained, and/or controlled healthcare facilities, institutions, and/or offices located in and throughout the State of Illinois.

2.    That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, **SHELDON WOLFE**, as an owner, manager, administrator, agent and/or employee, whether actual or apparent, of Defendant(s), **CALVERT, SW MANAGEMENT**

and/or **CAHOKIA**, offered medical and nursing care and other daily living assistance, to the public and to the Decedent, **LARRY BOYD**, and employed various physicians, nurses, and/or other healthcare professionals in the provision of such services.

3.  That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Decedent, **LARRY BOYD**, was a resident of the facilities owned, operated, managed, maintained and controlled by the Defendant, **SHELDON WOLFE**, as an owner, manager, administrator, agent and/or employee, whether actual or apparent, of Defendant(s), **CALVERT**, **SW MANAGEMENT** and/or **CAHOKIA**, which had accepted the Decedent, **LARRY BOYD**, as a resident and undertook to provide care and treatment to him during his residency.

4.  That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, there was, in full force and effect, a statute known as the Nursing Home Care Act, as amended (the "ACT"), 210 ILCS 45/1-101 et seq.

5.  That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, **SHELDON WOLFE**, was an "owner" and "administrator" as defined by 45/1-113 of the Act and was subject to the requirements of the Act and the regulations of the Illinois Department of Public Health promulgated pursuant to the Act.

6.  That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, **SHELDON WOLFE**, was subject to the requirements of 42 U.S.C.A. § 1396r (1990) et seq. as amended by the Omnibus Budget Reconciliation Act of 1987 ("OBRA").

7.  That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, **SHELDON WOLFE**, was subject to the requirements of Volume 42, Code of Federal Regulations, Part 483 setting forth Medicare and Medicaid Requirements for Long Term Facilities ("OBRA REGULATION"), as effective on October 1, 1990.

8.  That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, **SHELDON WOLFE**, was an "owner" and "administrator" as defined by 42 U.S.C.A. § 1396r.

9.   That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto,

the Defendant, **SHELDON WOLFE**, as owner and administrative officer and by and through its

owners, agents, servants, and/or employees, whether actual or apparent, was under a statutory

obligation not to violate the rights of any resident of the facility including the obligations not to

abuse or neglect any resident as provided by the Act as follows:

An owner, licensee, administrator, employee or agent of a facility shall not abuse or neglect a resident. It is the duty of any facility employee or agent who becomes aware of such abuse or neglect to report it as provided in "The Abused and Neglected Long Term Care Facility Residents Reporting Act". (210 ILCS 45/2-107)
*********************************************

"Owner" means the individual, partnership, corporation, association or other person who owns a facility. In the event a facility is operated by a person who leases the physical plant, which is owned by another person, "owner" means the person who operates the facility, except that if the person who owns the physical plant is an affiliate of the person who operates the facility and has significant control over the day-to-day operations of the facility, the person who owns the physical plant shall incur jointly and severally with the owner all liabilities imposed on an owner under this Act. (210 ILCS 45/1-119)
*********************************************

"Licensee" means the individual or entity licensed by the Department to operate the facility. (210 ILCS 45/1-115)
*********************************************

"Administrator" means a person who is charged with the general administration and supervision of a facility and licensed, if required, under the Nursing Home Administrators Licensing and Disciplinary Act, as now or hereafter amended. (210 ILCS 45/1-105)
*********************************************

"Abuse" means any physical or mental injury or sexual assault inflicted on a resident other than that by accidental means in a facility. (210 ILCS 45/1-103)
*********************************************

"Neglect" means a failure in a facility to provide adequate medical or personal care or maintenance, which failure results in physical or mental injury to a resident or in the deterioration of a resident's physical or mental condition. (210 ILCS 45/1-117)

10.   That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto,

during the course of the residency of the Decedent, **LARRY BOYD**, at **CALVERT** and

**CAHOKIA**, the Defendant **SHELDON WOLFE**, as an owner, manager, administrator, agent

and/or employee, whether actual or apparent, of Defendant(s), **CALVERT, SW**

**MANAGEMENT** and/or **CAHOKIA**, whether actual or apparent, violated the provisions of the

Act as follows:

31

a. Failure to ensure that the nursing facility was adequately staffed with qualified and licensed medical professionals to provide adequate care for the resident in violation of OBRA REGULATION 42 CFR 483.30;

b. Failure to appropriately finance the hiring of appropriately trained staff in violation of (210 ILCS 45/3-202) (from Ch. 111 1/2, par. 4153-202);

c. Failure to ensure the health and safety of all residents at the nursing facility in violation of (210 ILCS 45/2-101) (from Ch. 111 1/2, par. 4152-101);

d. Failure to report the abuse or neglect to the appropriate authorities pursuant to the "The Abused and Neglected Long Term Care Facility Residents Reporting Act" (210 ILCS 45/2-107) (from Ch. 111 1/2, par. 4152-107);

11.    That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, SHELDON WOLFE, as owner and administrative officer and by and through its agents, servants, and/or employees, whether actual or apparent, the Decedent, LARRY BOYD, sustained serious and permanent injuries; expended great sums of money in an attempt to be cured; suffered from disability and disfigurement; and experienced great pain, physical and mental suffering, of which such injuries were permanent in nature.

12.    That the Nursing Home Care Act, as amended, provides as follows:

The licensee shall pay the actual damages and costs and attorney's fees to a facility resident whose rights, as specified in Part 1 of Article II of this Act, are violated (210 ILCS 45/3-602).

13.    That the Nursing Home Care Act, as amended, provides as follows:

The owner and licensee are liable to a resident for any intentional or negligent act or omission of their agency or employees, which injures the resident (210 ILCS 45/3-601).

WHEREFORE, the Plaintiff, JUDITH BOYD, as Special Administrator of the Estate of LARRY BOYD, prays for judgment against the Defendant, SHELDON WOLFE, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as herein above alleged.

32

<u>COUNT XIV – SHELDON WOLFE</u>

(Wrongful Death)

NOW COMES the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **SHELDON WOLFE** states as follows:

1.     That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, **SHELDON WOLFE**, was a nursing home owner, manager, and/or administrator in the State of Illinois, who owned, operated, managed, maintained, and/or controlled various nursing healthcare facilities and institutions in the State of Illinois.

2.     That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, **SHELDON WOLFE**, offered assisted living, nursing care, and professional services related thereto to the public and to the Decedent, **LARRY BOYD**, and employed various physicians, nurses and/or other health care professionals in the provision of such services.

3.     That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, **SHELDON WOLFE**, was an owner, manager, administrator, agent and/or employee of the Defendant(s), **CALVERT, SW MANAGEMENT** and/or **CAHOKIA**, and at all times relevant hereto, acted within the scope of that ownership, management, administration, agency and/or employment.

4.     That on and prior to August 1, 2008, and at all times relevant hereto, the Defendant, **SHELDON WOLFE**, as an owner, manager, administrator, agent and/or employee, whether actual or apparent, of Defendant(s), **CALVERT, SW MANAGEMENT** and/or **CAHOKIA**, accepted the Decedent, **LARRY BOYD**, as a resident and undertook to provide nursing care and professional services to **LARRY BOYD**, deceased.

5.     That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, there existed a duty on the part of the Defendant, **SHELDON WOLFE**, to possess and apply the skill and knowledge of a reasonably well-qualified nursing home owner, and to plan, organize,

33

direct, and supervise the operation, treatment, and care of the resident's of the nursing home owned, operated, managed, maintained, and/or controlled by the Defendant(s), **CALVERT, SW MANAGEMENT** and/or **CAHOKIA**, in a manner which equaled or exceeded the applicable standard of care.

6.      That on and prior to August 1, 2008, the Decedent, **LARRY BOYD**, was a resident of the Defendant facility, **CALVERT**, where he developed skin breakdown, which ultimately progressed into necrotic tissue; several decubitus ulcers, leading to osteomyelitis; and fever and respiratory distress that worsened, requiring bronchoscopy and chest tubes, causing the Decedent's condition to rapidly deteriorate until his untimely death on April 20, 2009.

7.      That on and prior to August 1, 2008, the Decedent, **LARRY BOYD**, was a resident of the Defendant facility, **CAHOKIA**, where he developed significant decubitus ulcers, many of which progressed in severity to Stage IV ulcers, including the development of right hip osteomyelitis and sepsis; worsening contractures; a multi-drug resistant bacterial infection of his central line; and significant weight loss, causing the Decedent's condition to rapidly deteriorate until his untimely death on April 20, 2009.

8.      That in disregarding his duties, the Defendant, **SHELDON WOLFE**, in his own administrative officer and ownership duties and by and through its agents, servants, and/or employees, whether actual or apparent, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a.   Failure to ensure that the nursing facility was adequately staffed with qualified and licensed medical professionals to provide adequate care for the resident;

    b.   Failure to appropriately finance the hiring of appropriately trained staff;

    c.   Failure to ensure the health and safety of all residents at the nursing facility; and

    d.   Failure to report the abuse or neglect to the appropriate authorities pursuant to the "The Abused and Neglected Long Term Care Facility Residents Reporting Act".

34

9.     That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **SHELDON WOLFE**, as an owner and administrative officer and by and through its agents, servants, and/or employees, whether actual or apparent, the Decedent, **LARRY BOYD**, sustained serious and permanent injuries which ultimately led to his untimely death on April 20, 2009.

10.    That the Circuit Court of Cook County, Illinois, County Department, Law Division, has entered an Order appointing **JUDITH BOYD** as Special Administrator of the Estate of **LARRY BOYD**, deceased, evidencing her right and standing to sue.

11.    That the Decedent **LARRY BOYD**, has left surviving his next-of-kin, to wit, **JUDITH BOYD**, his wife, TIANNA BOYD, his daughter, LARRY BOYD, JR., his son, TIANNA BOYD, his daughter, TANIA PAULETTE, his daughter, and WILLIAM MICHAEL PAULETTE, his son, who have suffered severe and permanent damages, including, but not limited to, loss of service, companionship, and society as a result of the premature death of **LARRY BOYD**.

12.    That the Plaintiff brings this action in Count XIV under 740 ILCS 180/01 *et. seq.* commonly known as the Wrongful Death Act of Illinois.

WHEREFORE, the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, prays for judgment against the Defendant, **SHELDON WOLFE**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as herein above alleged.

### COUNT XV – SHELDON WOLFE

#### (Survival)

NOW COMES the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **SHELDON WOLFE**, states as follows:

1-10.   That the Plaintiff hereby re-alleges and incorporates paragraphs 1 through 10 of Count XV as and for paragraphs 1 through 10 of this Count XV as though fully set forth herein.

11.   That as a direct and proximate result of one or more of the foregoing and careless and negligent acts and/or omissions on the part of the Defendant, **SHELDON WOLFE**, as an owner and administrative officer and by and through its agents, servants, and/or employees, whether actual or apparent, the Decedent, **LARRY BOYD**, was injured and suffered damages of a personal and pecuniary nature, including pain and suffering, prior to his death, damages for which had he survived he would have been entitled to maintain an action; and such an action has survived him and accrued to the benefit of his heirs at law, to wit, **JUDITH BOYD**, his wife, TIANNA BOYD, his daughter, LARRY BOYD, JR., his son, TIANNA BOYD, his daughter, TANIA PAULETTE, his daughter, and WILLIAM MICHAEL PAULETTE, his son.

12.   That the Plaintiff brings this action in Count XV under 755 ILCS 5/27-6 commonly known as the Survival Act of Illinois.

**WHEREFORE**, the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, prays for judgment against the Defendant, **SHELDON WOLFE**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as hereinabove alleged.

<u>**COUNT XVI – RONNIE KLEIN**</u>

(Nursing Home Care Act)

NOW COMES the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS, & SCHWARTZ**, and complaining of the Defendant, **RONNIE KLEIN**, and states as follows:

1.   That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, **RONNIE KLEIN**, was an owner, manager, administrator, agent and/or employee, whether actual or apparent, of Defendant(s), **CALVERT, SW MANAGEMENT** and/or **CAHOKIA**, which are Illinois corporations which owned, operated, managed, maintained,

36

and/or controlled healthcare facilities, institutions, and/or offices located in and throughout the State of Illinois.

2.   That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, **RONNIE KLEIN**, as an owner, manager, administrator, agent and/or employee, whether actual or apparent, of Defendant(s), **CALVERT, SW MANAGEMENT** and/or **CAHOKIA**, offered medical and nursing care and other daily living assistance, to the public and to the Decedent, **LARRY BOYD**, and employed various physicians, nurses, and/or other healthcare professionals in the provision of such services.

3.   That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Decedent, **LARRY BOYD**, was a resident of the facilities owned, operated, managed, maintained and controlled by the Defendant, **RONNIE KLEIN**, as an owner, manager, administrator, agent and/or employee, whether actual or apparent, of Defendant(s), **CALVERT, SW MANAGEMENT** and/or **CAHOKIA**, which had accepted the Decedent, **LARRY BOYD**, as a resident and undertook to provide care and treatment to him during his residency.

4.   That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, there was, in full force and effect, a statute known as the Nursing Home Care Act, as amended (the "ACT"), 210 ILCS 45/1-101 et seq.

5.   That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, **RONNIE KLEIN**, was an "owner" and "administrator" as defined by 45/1-113 of the Act and was subject to the requirements of the Act and the regulations of the Illinois Department of Public Health promulgated pursuant to the Act.

6.   That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, **RONNIE KLEIN**, was subject to the requirements of 42 U.S.C.A. § 1396r (1990) et seq. as amended by the Omnibus Budget Reconciliation Act of 1987 ("OBRA").

7.   That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, **RONNIE KLEIN**, was subject to the requirements of Volume 42, Code of

37

Federal Regulations, Part 483 setting forth Medicare and Medicaid Requirements for Long Term

Facilities ("OBRA REGULATION"), as effective on October 1, 1990.

     8.    That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto,

the Defendant, RONNIE KLEIN, was an "owner" and "administrator" as defined by 42

U.S.C.A. § 1396r.

     9.    That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto,

the Defendant, RONNIE KLEIN, as owner and administrative officer and by and through its

owners, agents, servants, and/or employees, whether actual or apparent, was under a statutory

obligation not to violate the rights of any resident of the facility including the obligations not to

abuse or neglect any resident as provided by the Act as follows:

> An owner, licensee, administrator, employee or agent of a facility shall not abuse or neglect a resident. It is the duty of any facility employee or agent who becomes aware of such abuse or neglect to report it as provided in "The Abused and Neglected Long Term Care Facility Residents Reporting Act". (210 ILCS 45/2-107)
> *************************************************
> "Owner" means the individual, partnership, corporation, association or other person who owns a facility. In the event a facility is operated by a person who leases the physical plant, which is owned by another person, "owner" means the person who operates the facility, except that if the person who owns the physical plant is an affiliate of the person who operates the facility and has significant control over the day-to-day operations of the facility, the person who owns the physical plant shall incur jointly and severally with the owner all liabilities imposed on an owner under this Act. (210 ILCS 45/1-119)
> *************************************************
> "Licensee" means the individual or entity licensed by the Department to operate the facility. (210 ILCS 45/1-115)
> *************************************************
> "Administrator" means a person who is charged with the general administration and supervision of a facility and licensed, if required, under the Nursing Home Administrators Licensing and Disciplinary Act, as now or hereafter amended. (210 ILCS 45/1-105)
> *************************************************
> "Abuse" means any physical or mental injury or sexual assault inflicted on a resident other than that by accidental means in a facility. (210 ILCS 45/1-103)
> *************************************************
> "Neglect" means a failure in a facility to provide adequate medical or personal care or maintenance, which failure results in physical or mental injury to a resident or in the deterioration of a resident's physical or mental condition. (210 ILCS 45/1-117)

10.     That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, during the course of the residency of the Decedent, **LARRY BOYD**, at **CALVERT** and **CAHOKIA**, the Defendant **RONNIE KLEIN**, as an owner, manager, administrator, agent and/or employee, whether actual or apparent, of Defendant(s), **CALVERT, SW MANAGEMENT** and/or **CAHOKIA**, whether actual or apparent, violated the provisions of the Act as follows:

a.     Failure to ensure that the nursing facility was adequately staffed with qualified and licensed medical professionals to provide adequate care for the resident in violation of OBRA REGULATION 42 CFR 483.30;

b.     Failure to appropriately finance the hiring of appropriately trained staff in violation of (210 ILCS 45/3-202) (from Ch. 111 1/2, par. 4153-202);

c.     Failure to ensure the health and safety of all residents at the nursing facility in violation of (210 ILCS 45/2-101) (from Ch. 111 1/2, par. 4152-101);

d.     Failure to report the abuse or neglect to the appropriate authorities pursuant to the "The Abused and Neglected Long Term Care Facility Residents Reporting Act" (210 ILCS 45/2-107) (from Ch. 111 1/2, par. 4152-107);

11.     That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **RONNIE KLEIN**, as owner and administrative officer and by and through its agents, servants, and/or employees, whether actual or apparent, the Decedent, **LARRY BOYD**, sustained serious and permanent injuries; expended great sums of money in an attempt to be cured; suffered from disability and disfigurement; and experienced great pain, physical and mental suffering, of which such injuries were permanent in nature.

12.     That the Nursing Home Care Act, as amended, provides as follows:

**The licensee shall pay the actual damages and costs and attorney's fees to a facility resident whose rights, as specified in Part 1 of Article II of this Act, are violated (210 ILCS 45/3-602).**

13.     That the Nursing Home Care Act, as amended, provides as follows:

**The owner and licensee are liable to a resident for any intentional or negligent act or omission of their agency or employees, which injures the resident (210 ILCS 45/3-601).**

39

WHEREFORE, the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, prays for judgment against the Defendant, **RONNIE KLEIN**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as herein above alleged.

<u>**COUNT XVII – RONNIE KLEIN**</u>

(Wrongful Death)

NOW COMES the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **RONNIE KLEIN** states as follows:

1.      That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, **RONNIE KLEIN**, was a nursing home owner, manager, and/or administrator in the State of Illinois, who owned, operated, managed, maintained, and/or controlled various nursing healthcare facilities and institutions in the State of Illinois.

2.      That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, **RONNIE KLEIN**, offered assisted living, nursing care, and professional services related thereto to the public and to the Decedent, **LARRY BOYD**, and employed various physicians, nurses and/or other health care professionals in the provision of such services.

3.      That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, **RONNIE KLEIN**, was an owner, manager, administrator, agent and/or employee of the Defendant(s), **CALVERT, SW MANAGEMENT** and/or **CAHOKIA**, and at all times relevant hereto, acted within the scope of that ownership, management, administration, agency and/or employment.

4.      That on and prior to August 1, 2008, and at all times relevant hereto, the Defendant, **RONNIE KLEIN**, as an owner, manager, administrator, agent and/or employee, whether actual or apparent, of Defendant(s), **CALVERT, SW MANAGEMENT** and/or

CAHOKIA, accepted the Decedent, **LARRY BOYD**, as a resident and undertook to provide nursing care and professional services to **LARRY BOYD**, deceased.

5.     That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, there existed a duty on the part of the Defendant, **RONNIE KLEIN**, to possess and apply the skill and knowledge of a reasonably well-qualified nursing home owner, and to plan, organize, direct, and supervise the operation, treatment, and care of the resident's of the nursing home owned, operated, managed, maintained, and/or controlled by the Defendant(s), **CALVERT, SW MANAGEMENT** and/or **CAHOKIA**, in a manner which equaled or exceeded the applicable standard of care.

6.     That on and prior to August 1, 2008, the Decedent, **LARRY BOYD**, was a resident of the Defendant facility, **CALVERT**, where he developed skin breakdown, which ultimately progressed into necrotic tissue; several decubitus ulcers, leading to osteomyelitis; and fever and respiratory distress that worsened, requiring bronchoscopy and chest tubes, causing the Decedent's condition to rapidly deteriorate until his untimely death on April 20, 2009.

7.     That on and prior to August 1, 2008, the Decedent, **LARRY BOYD**, was a resident of the Defendant facility, **CAHOKIA**, where he developed significant decubitus ulcers, many of which progressed in severity to Stage IV ulcers, including the development of right hip osteomyelitis and sepsis; worsening contractures; a multi-drug resistant bacterial infection of his central line; and significant weight loss, causing the Decedent's condition to rapidly deteriorate until his untimely death on April 20, 2009.

8.     That in disregarding his duties, the Defendant, **RONNIE KLEIN**, in his own administrative officer and ownership duties and by and through its agents, servants, and/or employees, whether actual or apparent, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

      a.     Failure to ensure that the nursing facility was adequately staffed with qualified and licensed medical professionals to provide adequate care for the resident;

41

      b.      Failure to appropriately finance the hiring of appropriately trained staff;

      c.      Failure to ensure the health and safety of all residents at the nursing facility; and

      d.      Failure to report the abuse or neglect to the appropriate authorities pursuant to the "The Abused and Neglected Long Term Care Facility Residents Reporting Act".

9.      That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **RONNIE KLEIN**, as an owner and administrative officer and by and through its agents, servants, and/or employees, whether actual or apparent, the Decedent, **LARRY BOYD**, sustained serious and permanent injuries which ultimately led to his untimely death on April 20, 2009.

10.      That the Circuit Court of Cook County, Illinois, County Department, Law Division, has entered an Order appointing **JUDITH BOYD** as Special Administrator of the Estate of **LARRY BOYD**, deceased, evidencing her right and standing to sue.

11.      That the Decedent **LARRY BOYD**, has left surviving his next-of-kin, to wit, **JUDITH BOYD**, his wife, TIANNA BOYD, his daughter, LARRY BOYD, JR., his son, TIANNA BOYD, his daughter, TANIA PAULETTE, his daughter, and WILLIAM MICHAEL PAULETTE, his son, who have suffered severe and permanent damages, including, but not limited to, loss of service, companionship, and society as a result of the premature death of **LARRY BOYD**.

12.      That the Plaintiff brings this action in Count XVII under 740 ILCS 180/01 *et. seq.* commonly known as the Wrongful Death Act of Illinois.

**WHEREFORE**, the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, prays for judgment against the Defendant, **RONNIE KLEIN**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as herein above alleged.

## COUNT XVIII – RONNIE KLEIN

### (Survival)

NOW COMES the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **RONNIE KLEIN**, states as follows:

1-10.   That the Plaintiff hereby re-alleges and incorporates paragraphs 1 through 10 of Count XVII as and for paragraphs 1 through 10 of this Count XVIII as though fully set forth herein.

11.     That as a direct and proximate result of one or more of the foregoing and careless and negligent acts and/or omissions on the part of the Defendant, **RONNIE KLEIN**, as an owner and administrative officer and by and through its agents, servants, and/or employees, whether actual or apparent, the Decedent, **LARRY BOYD**, was injured and suffered damages of a personal and pecuniary nature, including pain and suffering, prior to his death, damages for which had he survived he would have been entitled to maintain an action; and such an action has survived him and accrued to the benefit of his heirs at law, to wit, **JUDITH BOYD**, his wife, TIANNA BOYD, his daughter, LARRY BOYD, JR., his son, TIANNA BOYD, his daughter, TANIA PAULETTE, his daughter, and WILLIAM MICHAEL PAULETTE, his son.

12.     That the Plaintiff brings this action in Count XVIII under 755 ILCS 5/27-6 commonly known as the Survival Act of Illinois.

WHEREFORE, the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, prays for judgment against the Defendant, **RONNIE KLEIN**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as hereinabove alleged.

## COUNT XIX – MOSHE HERMAN

### (Nursing Home Care Act)

43

NOW COMES the Plaintiff, **JUDITH BOYD**, as Special Administrator of the Estate of **LARRY BOYD**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS, & SCHWARTZ**, and complaining of the Defendant, **MOSHE HERMAN**, and states as follows:

1.     That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, **MOSHE HERMAN**, was an owner, manager, administrator, agent and/or employee, whether actual or apparent, of Defendant(s), **CALVERT, SW MANAGEMENT** and/or **CAHOKIA**, which are Illinois corporations which owned, operated, managed, maintained, and/or controlled healthcare facilities, institutions, and/or offices located in and throughout the State of Illinois.

2.     That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, **MOSHE HERMAN**, as an owner, manager, administrator, agent and/or employee, whether actual or apparent, of Defendant(s), **CALVERT, SW MANAGEMENT** and/or **CAHOKIA**, offered medical and nursing care and other daily living assistance, to the public and to the Decedent, **LARRY BOYD**, and employed various physicians, nurses, and/or other healthcare professionals in the provision of such services.

3.     That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Decedent, **LARRY BOYD**, was a resident of the facilities owned, operated, managed, maintained and controlled by the Defendant, **MOSHE HERMAN**, as an owner, manager, administrator, agent and/or employee, whether actual or apparent, of Defendant(s), **CALVERT, SW MANAGEMENT** and/or **CAHOKIA**, which had accepted the Decedent, **LARRY BOYD**, as a resident and undertook to provide care and treatment to him during his residency.

4.     That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, there was, in full force and effect, a statute known as the Nursing Home Care Act, as amended (the "ACT"), 210 ILCS 45/1-101 et seq.

5.     That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, **MOSHE HERMAN**, was an "owner" and "administrator" as defined by 45/1-113

44

of the Act and was subject to the requirements of the Act and the regulations of the Illinois

Department of Public Health promulgated pursuant to the Act.

6.     That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto,

the Defendant, **MOSHE HERMAN**, was subject to the requirements of 42 U.S.C.A. § 1396r

(1990) et seq. as amended by the Omnibus Budget Reconciliation Act of 1987 ("OBRA").

7.     That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto,

the Defendant, **MOSHE HERMAN**, was subject to the requirements of Volume 42, Code of

Federal Regulations, Part 483 setting forth Medicare and Medicaid Requirements for Long Term

Facilities ("OBRA REGULATION"), as effective on October 1, 1990.

8.     That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto,

the Defendant, **MOSHE HERMAN**, was an "owner" and "administrator" as defined by 42

U.S.C.A. § 1396r.

9.     That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto,

the Defendant, **MOSHE HERMAN**, as owner and administrative officer and by and through its

owners, agents, servants, and/or employees, whether actual or apparent, was under a statutory

obligation not to violate the rights of any resident of the facility including the obligations not to

abuse or neglect any resident as provided by the Act as follows:

> An owner, licensee, administrator, employee or agent of a facility shall not abuse or
> neglect a resident. It is the duty of any facility employee or agent who becomes
> aware of such abuse or neglect to report it as provided in "The Abused and
> Neglected Long Term Care Facility Residents Reporting Act". (210 ILCS 45/2-107)
> **************************************************
> "Owner" means the individual, partnership, corporation, association or other
> person who owns a facility. In the event a facility is operated by a person who leases
> the physical plant, which is owned by another person, "owner" means the person
> who operates the facility, except that if the person who owns the physical plant is an
> affiliate of the person who operates the facility and has significant control over the
> day-to-day operations of the facility, the person who owns the physical plant shall
> incur jointly and severally with the owner all liabilities imposed on an owner under
> this Act. (210 ILCS 45/1-119)
> **************************************************
> "Licensee" means the individual or entity licensed by the Department to operate the
> facility. (210 ILCS 45/1-115)
> **************************************************

45

"Administrator" means a person who is charged with the general administration and supervision of a facility and licensed, if required, under the Nursing Home Administrators Licensing and Disciplinary Act, as now or hereafter amended. (210 ILCS 45/1-105)
*************************************************

"Abuse" means any physical or mental injury or sexual assault inflicted on a resident other than that by accidental means in a facility. (210 ILCS 45/1-103)
*************************************************

"Neglect" means a failure in a facility to provide adequate medical or personal care or maintenance, which failure results in physical or mental injury to a resident or in the deterioration of a resident's physical or mental condition. (210 ILCS 45/1-117)

10.     That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, during the course of the residency of the Decedent, **LARRY BOYD**, at **CALVERT** and **CAHOKIA**, the Defendant **MOSHE HERMAN**, as an owner, manager, administrator, agent and/or employee, whether actual or apparent, of Defendant(s), **CALVERT**, **SW MANAGEMENT** and/or **CAHOKIA**, whether actual or apparent, violated the provisions of the Act as follows:

a.      Failure to ensure that the nursing facility was adequately staffed with qualified and licensed medical professionals to provide adequate care for the resident in violation of OBRA REGULATION 42 CFR 483.30;

b.      Failure to appropriately finance the hiring of appropriately trained staff in violation of (210 ILCS 45/3-202) (from Ch. 111 1/2, par. 4153-202);

c.      Failure to ensure the health and safety of all residents at the nursing facility in violation of(210 ILCS 45/2-101) (from Ch. 111 1/2, par. 4152-101);

d.      Failure to report the abuse or neglect to the appropriate authorities pursuant to the "The Abused and Neglected Long Term Care Facility Residents Reporting Act" (210 ILCS 45/2-107) (from Ch. 111 1/2, par. 4152-107);

11.     That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **MOSHE HERMAN**, as owner and administrative officer and by and through its agents, servants, and/or employees, whether actual or apparent, the Decedent, **LARRY BOYD**, sustained serious and permanent injuries; expended great sums of money in an attempt to be cured; suffered from disability and disfigurement; and

46

experienced great pain, physical and mental suffering, of which such injuries were permanent in nature.

12.     That the Nursing Home Care Act, as amended, provides as follows:

> The licensee shall pay the actual damages and costs and attorney's fees to a facility resident whose rights, as specified in Part 1 of Article II of this Act, are violated (210 ILCS 45/3-602).

13.     That the Nursing Home Care Act, as amended, provides as follows:

> The owner and licensee are liable to a resident for any intentional or negligent act or omission of their agency or employees, which injures the resident (210 ILCS 45/3-601).

WHEREFORE, the Plaintiff, JUDITH BOYD, as Special Administrator of the Estate of LARRY BOYD, prays for judgment against the Defendant, MOSHE HERMAN, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as herein above alleged.

## COUNT XX – MOSHE HERMAN

### (Wrongful Death)

NOW COMES the Plaintiff, JUDITH BOYD, as Special Administrator of the Estate of LARRY BOYD, deceased, by and through her attorneys, KRALOVEC, JAMBOIS & SCHWARTZ, and complaining of the Defendant, MOSHE HERMAN states as follows:

1.     That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, MOSHE HERMAN, was a nursing home owner, manager, and/or administrator in the State of Illinois, who owned, operated, managed, maintained, and/or controlled various nursing healthcare facilities and institutions in the State of Illinois.

2.     That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, MOSHE HERMAN, offered assisted living, nursing care, and professional services related thereto to the public and to the Decedent, LARRY BOYD, and employed various physicians, nurses and/or other health care professionals in the provision of such services.

47

3.     That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, the Defendant, **MOSHE HERMAN**, was an owner, manager, administrator, agent and/or employee of the Defendant(s), **CALVERT, SW MANAGEMENT** and/or **CAHOKIA**, and at all times relevant hereto, acted within the scope of that ownership, management, administration, agency and/or employment.

4.     That on and prior to August 1, 2008, and at all times relevant hereto, the Defendant, **MOSHE HERMAN**, as an owner, manager, administrator, agent and/or employee, whether actual or apparent, of Defendant(s), **CALVERT, SW MANAGEMENT** and/or **CAHOKIA**, accepted the Decedent, **LARRY BOYD**, as a resident and undertook to provide nursing care and professional services to **LARRY BOYD**, deceased.

5.     That on, prior, and subsequent to August 1, 2008, and at all times relevant hereto, there existed a duty on the part of the Defendant, **MOSHE HERMAN**, to possess and apply the skill and knowledge of a reasonably well-qualified nursing home owner, and to plan, organize, direct, and supervise the operation, treatment, and care of the resident's of the nursing home owned, operated, managed, maintained, and/or controlled by the Defendant(s), **CALVERT, SW MANAGEMENT** and/or **CAHOKIA**, in a manner which equaled or exceeded the applicable standard of care.

6.     That on and prior to August 1, 2008, the Decedent, **LARRY BOYD**, was a resident of the Defendant facility, **CALVERT**, where he developed skin breakdown, which ultimately progressed into necrotic tissue; several decubitus ulcers, leading to osteomyelitis; and fever and respiratory distress that worsened, requiring bronchoscopy and chest tubes, causing the Decedent's condition to rapidly deteriorate until his untimely death on April 20, 2009.

7.     That on and prior to August 1, 2008, the Decedent, **LARRY BOYD**, was a resident of the Defendant facility, **CAHOKIA**, where he developed significant decubitus ulcers, many of which progressed in severity to Stage IV ulcers, including the development of right hip osteomyelitis and sepsis; worsening contractures; a multi-drug resistant bacterial infection of his

48

central line; and significant weight loss, causing the Decedent's condition to rapidly deteriorate until his untimely death on April 20, 2009.

8.     That in disregarding his duties, the Defendant, MOSHE HERMAN, in his own administrative officer and ownership duties and by and through its agents, servants, and/or employees, whether actual or apparent, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

a.     Failure to ensure that the nursing facility was adequately staffed with qualified and licensed medical professionals to provide adequate care for the resident;

b.     Failure to appropriately finance the hiring of appropriately trained staff;

c.     Failure to ensure the health and safety of all residents at the nursing facility; and

d.     Failure to report the abuse or neglect to the appropriate authorities pursuant to the "The Abused and Neglected Long Term Care Facility Residents Reporting Act".

9.     That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, MOSHE HERMAN, as an owner and administrative officer and by and through its agents, servants, and/or employees, whether actual or apparent, the Decedent, LARRY BOYD, sustained serious and permanent injuries which ultimately led to his untimely death on April 20, 2009.

10.     That the Circuit Court of Cook County, Illinois, County Department, Law Division, has entered an Order appointing JUDITH BOYD as Special Administrator of the Estate of LARRY BOYD, deceased, evidencing her right and standing to sue;

11.     That the Decedent LARRY BOYD, has left surviving his next-of-kin, to wit, JUDITH BOYD, his wife, TIANNA BOYD, his daughter, LARRY BOYD, JR., his son, TIANNA BOYD, his daughter, TANIA PAULETTE, his daughter, and WILLIAM MICHAEL PAULETTE, his son, who have suffered severe and permanent damages, including, but not

49

limited to, loss of service, companionship, and society as a result of the premature death of LARRY BOYD.

12.     That the Plaintiff brings this action in Count XX under 740 ILCS 180/01 *et. seq.* commonly known as the Wrongful Death Act of Illinois.

WHEREFORE, the Plaintiff, JUDITH BOYD, as Special Administrator of the Estate of LARRY BOYD, deceased, prays for judgment against the Defendant, MOSHE HERMAN, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as herein above alleged.

## COUNT XXI – MOSHE HERMAN

### (Survival)

NOW COMES the Plaintiff, JUDITH BOYD, as Special Administrator of the Estate of LARRY BOYD, deceased, by and through her attorneys, KRALOVEC, JAMBOIS & SCHWARTZ, and complaining of the Defendant, MOSHE HERMAN, states as follows:

1-10.     That the Plaintiff hereby re-alleges and incorporates paragraphs 1 through 10 of Count XX as and for paragraphs 1 through 10 of this Count XXI as though fully set forth herein.

11.     That as a direct and proximate result of one or more of the foregoing and careless and negligent acts and/or omissions on the part of the Defendant, MOSHE HERMAN, as an owner and administrative officer and by and through its agents, servants, and/or employees, whether actual or apparent, the Decedent, LARRY BOYD, was injured and suffered damages of a personal and pecuniary nature, including pain and suffering, prior to his death, damages for which had he survived he would have been entitled to maintain an action; and such an action has survived him and accrued to the benefit of his heirs at law, to wit, JUDITH BOYD, his wife, TIANNA BOYD, his daughter, LARRY BOYD, JR., his son, TIANNA BOYD, his daughter, TANIA PAULETTE, his daughter, and WILLIAM MICHAEL PAULETTE, his son.

12.     That the Plaintiff brings this action in Count XXI under 755 ILCS 5/27-6 commonly known as the Survival Act of Illinois.

50